UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62162-CIV-MARRA/HOPKINS

HARRY COOPER,
an individual,

    Plaintiff,

v.

MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY,
a foreign corporation,

    Defendant.
_____/

**OPINION AND ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Counts III and IV of the Complaint With Prejudice [DE 10]. The motion is fully briefed and ripe for review. The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.

**Factual Background and Introduction**

In 1984, Plaintiff, Dr. Harry Cooper ("Dr. Cooper" or "Plaintiff"), purchased a private disability insurance policy (Policy No. 9219372) from Defendant, Massachusetts Mutual Life Insurance Company ("MassMutual" or "Defendant"). In 1989, Dr. Cooper purchased a second private disability insurance policy from MassMutual (Policy No. 9366017) (together, the "Policies"). As an additional option to these Policies, he also purchased Regular Occupation Riders which changed the definition of disability under the Policies. Compl. ¶ 9.

Dr. Cooper suffered a severe neck injury in 1989 and he alleges he has since been disabled from performing the substantial and material duties of his regular occupation as an orthopedic surgeon. Compl. ¶ 12. Dr. Cooper submitted a claim for disability with MassMutual and was approved shortly thereafter. MassMutual paid a monthly disability benefit, at a rate of 100%, for a continuous period of nearly 20 years. Comp. ¶ 13. On or about July 31, 2009, MassMutual terminated Dr. Cooper's long-term disability benefits claiming that it had overpaid Dr. Cooper. Compl. ¶ 14. From July 31, 2009, to the present date, Dr. Cooper claims he has not received the contractual amount of disability benefits due under the subject Policies, which currently exceeds $75,000. Compl. ¶ 19.

The Complaint alleges four counts: Count I is a Breach of Contract claim under Policy No. 9219372; Count II is a Breach of Contract claim under Policy No. 9366017; Count III alleges violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") pursuant to 73 Pa. Cons. Stat. §§ 201-2 and 201-3; and Count IV alleges Bad Faith pursuant to Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371. MassMutual moves to dismiss Count III of the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). MassMutual argues the UTPCPL claim is barred by the economic loss rule, as well as the six -year statute of limitations. MassMutual also moves to dismiss Count IV arguing Plaintiff's statutory bad faith claim under 41 Pa. Cons. Stat. § 8371 is barred by a two-year statute of limitations. Additionally, MassMutual asserts that the statutory bad faith claim fails to plead facts

supporting the elements of that cause of action.

**Allegations**

In his Complaint, Dr. Cooper alleges that on or about September 13, 1984 and September 13, 1989, MassMutual issued to him in Pennsylvania, Individual Disability Insurance Policy Nos. 9219372 and 9366017, respectively.  *See* Complaint ("Compl."), DE 1, ¶¶ 6-8.  Dr. Cooper alleges that since 1989, he has been disabled from performing his duties as an orthopedic surgeon.  Compl. ¶ 12.  He further alleges that from 1989 to July 31, 2009, MassMutual paid him the maximum monthly disability benefit under the Policies.  Compl. ¶ 13.  Additionally, Plaintiff claims that on July 31, 2009, MassMutual wrongfully terminated Dr. Cooper's long-term disability benefits and claimed that it had over paid him.  Compl. ¶ 14.

**Standard of Review**

The general rule in federal court is that a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to provide factual allegations that raise a right of relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  To resolve a motion to dismiss, the district court "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Then, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

If an action is dismissed it should generally be dismissed without prejudice. *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239-40 (11th Cir. 2000).  Leave to amend, however, "need not be granted where amendment would be futile." *Id.*; *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see, also*, *Freeman v. Dean Witter Reynolds, Inc.*, 865 So.2d 543, 553 (Fla. Dist. Ct. App. 2003). When a motion to amend is denied based upon futility, the court makes a legal conclusion that any amendment to the complaint necessarily would fail.  *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).

## Discussion

### Count III

As stated above, MassMutual approved Dr. Cooper's claim for disability benefits in 1989 and paid, for nearly a period of 20 years, the maximum monthly benefit payable under the disability policies.  Compl. ¶ 13.  Then, on or about July 31, 2009, MassMutual terminated Dr. Cooper's long-term disability benefits and claimed that it

had overpaid Dr. Cooper's claim for disability benefits. Compl. ¶ 13. Dr. Cooper asserts that MassMutual's conduct, both in the sale of the disability Policies and in attempting to evade its contractual obligations, is in violation of the UTPCPL because MassMutual misrepresented the benefits, advantages, conditions, terms, coverage, and claim services under the subject disability Polices. Compl. ¶ 34. Dr. Cooper seeks compensatory damages for all past due benefits and the value of future benefits, prejudgment interest, attorney fees, court costs, and punitive and exemplary damages. Compl. ¶ 39. Defendant moves to dismiss this count arguing that it is barred by the economic loss rule because Dr. Cooper's losses are intertwined with and not extraneous to his breach of insurance policy claims. The Court agrees.

The Pennsylvania "UTPCPL is designed to protect the public from fraud and deceptive business practices." *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008) (citing *Pirozzi v. Penske Olds-Cadillac-GMC, Inc.*, 605 A.2d 373, 375 (Pa. Super. Ct. 1992)). "The statute provides a private right of action for '[a]ny person who purchases ... goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property' on account of the seller's unfair or deceptive acts or practices." *Id*. (quoting 73 Pa. Cons. Stat. § 201–9.2(a)).[1]

---

[1] "'In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable.'" *Gardner v. State Farm Fire and Cas. Co.*, 544

The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995) (reviewing the application of the economic loss doctrine to fraud and UTPCPL claims under Pennsylvania law). In Pennsylvania, the purpose of the economic loss doctrine is to maintain the separation between the law of contract and the law of tort.  *Air Prods. and Chems., Inc. v. Eaton Metal Prods. Co.*, 256 F. Supp. 2d 329, 335 (E.D. Pa. 2003) (citing *N.Y. State Elec. & Gas Corp. v. Westinghouse Elec. Corp.*, 564 A.2d 919, 925  (Pa. Super. Ct. 1989)).  In other words, "claims for only economic loss are appropriately brought as breach of contract or warranty claims rather than as tort claims." *Fid. & Deposit Co. of Md. v. Int'l Bus, Mach. Corp.*, No. CIV.A.05-461, 2005 WL 2665326, at *2 (M.D. Pa. Oct. 19, 2005).  "[I]f a claim is in essence one arising from 'failed economic expectations,' *i.e.* expectations that the product would perform in the manner warranted, then tort recovery is inappropriate." *Id.* (quoting *Wellsboro Hotel Co. v. Prins,* 894 F.Supp. 170, 175 (M.D. Pa. 1995)); *see also, The Knit With v. Knitting*

---

F.3d 553, 564 (3d Cir. 2008) (quoting *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995)); *see also Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. Ct. 1988); *Leary v. State Farm & Cas. Co.*, 2012 WL 604338, *8 (W.D Pa. Feb. 24, 2012); *Smith v. Nationwide Mut. Fire Ins. Co.*, 935 F. Supp. 616, 620 (W.D. Pa. 1996); *Hampton v. GEICO Gen. Ins. Co.*, 759 F. Supp. 2d 632, 651–52 (W.D. Pa. 2010); *MacFarland v. U.S. Fid. & Guar. Co.*, 818 F.Supp. 108, 111 (E.D. Pa. 1993).  As a result, Plaintiff does not state a cognizable claim under the UTPCPL.

*Fever, Inc.*, 2009 WL 3427054, *5 (E.D. Pa. 2009).

The United States Court of Appeals for the Third Circuit, discussing Pennsylvania law, has stated that "contract theories such as breach of warranty are specifically aimed at and perfectly suited to providing complete redress in cases involving ... economic losses" alone, where no personal injury or injury to other property is alleged. *Werwinski*, 286 F.3d at 671 (quoting *REM Coal Company v. Clark Equipment Company,* 563 A.2d 128, 129 (Pa. Super. Ct. 1989) (en banc)).

In *Werwinski v. Ford Motor Co., supra,* the Third Circuit found the doctrine applicable to a UTPCPL claim for intentional fraud, and predicted the Pennsylvania Supreme Court would do the same. In doing so, the *Werwinski* panel noted with approval that some courts have excepted fraud-in-the-inducement claims from the economic loss doctrine, but only where the fraud is not interwoven with the breach of contract. *Id.* at 680–81; *see also Samson Lift Techs., LLC v. Jerr–Dan, Corp.*, No. CIV.A.09–1590, 2010 WL 1052932, at *6 n.5 (M.D. Pa. Mar. 22, 2010) (holding that plaintiff must allege facts showing fraudulent inducement to be separate and distinct from the breach of contract to avoid application of the economic loss doctrine). Such an exception does not apply to Dr. Cooper's claim, as courts have found that fraudulent representations concerning a party's performance of a contract are interwoven with the terms of the contract. *See, e.g., Freedom Properties, L.P. v. Lansdale Warehouse Co. Inc.*, No. CIV.A.06–5469, 2007 WL 2254422, at *7 (E.D. Pa. Aug.7, 2007) (applying doctrine to preclude fraudulent inducement claim where fraud

allegations were based "solely on a failure to perform in accordance with express contractual terms"); *Reilly Foam Corp. v. Rubbermaid Corp.*, 206 F. Supp. 2d 643, 659 (E.D. Pa. 2002) ("Inducement claims remain viable only when a party makes a representation extraneous to the contract, but not when the representations concern the subject matter of the contract or the party's performance") (quoting *Werwinski*, 286 F.3d at 678).

Applying *Werwinksi*, the Court finds that the economic loss doctrine bars Plaintiff's UTPCPL claim. If MassMutual miscalculated Dr. Cooper's earned income, applied a definition of disability different from that in the Policies or misapplied the definition of disability in the Policies, such actions would constitute a breach of the policies and would be remedied exclusively through the breach of contract counts. Similar to *Werwinski,* Dr. Cooper's claim is "undergirded by factual allegations identical to those supporting [Plaintiff's] breach of contract counts" and "did not cause harm to the [P]laintiff [ ] distinct from those caused by the breach of contract." *Werwinski,* 286 F.3d at 678 (quoting *Pub. Serv. Enter. Grp., Inc. v. Phila. Elec. Co.*, 722 F.Supp. 184, 201 (D. N.J. 1989)). As such, the Court grants MassMutual's motion to dismiss Count III.

Dr. Cooper will not be permitted to amend his UTPCPL claim because amendment would be futile. This claim is inextricably tied to the insurance contracts and cannot be separated. Since this claim is barred by the economic loss rule, it is unnecessary to address Defendant's alternative argument that this count is barred by

the six-year statute of limitations.

### Count IV

Count IV alleges that MassMutal acted in bad faith in violation of 42 Pa. Cons. Stat. § 8371 when it denied Dr. Cooper's claims for continuing disability benefits under the Policies.  MassMutal moves to dismiss this count claiming it is barred by a two-year statute of limitations which begins to run when the insurer first provides notice to the insured of its denial of coverage.  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3rd Cir. 2005) (affirming judgment on the pleadings in favor of insurer on statutory bad faith claim based on two-year statute of limitations), citing *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1042-43 (Pa. Super. Ct. 1999) (§ 8371 claim accrued when insurer first denied the insured's claim).

Dr. Cooper asserts that the precedent cited above does not apply to him where the acts of bad faith are separate and independent from the initial denial.  Dr. Cooper maintains that subsequent to the termination of benefits, MassMutual refused to provide copies of the Policies after numerous requests; continued to under calculate his Pre-Disability Earned Income; repeatedly refused to provide him with financial information which he had submitted as proof of his claim; and erroneously considered income generated by others when calculating Dr. Cooper's Earned Income, even after MassMutual was notified of its mistake.  Dr. Cooper argues that the statute of limitations should run from the date of each of these subsequent acts, which continued into 2011.  Dr. Cooper also argues that because this is a disability claim

which requires MassMutual to evaluate and calculate Dr. Cooper's eligibility for disability benefits on a monthly basis, each month marked a new beginning to the two-year statute of limitations.  Dr. Cooper does not cite any legal authority for this proposition.

A bad faith claim under 42 Pa. Cons. Stat. § 8371 is governed by a two-year statute of limitations.  See *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 235-36 (3d Cir. 2003) (predicting that the Pennsylvania Supreme Court would apply the two-year tort statute of limitations to statutory bad faith claim).  "In general, the statute of limitations begins to run when a right to institute and maintain suit arises." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 224-25 (3d Cir. 2005).  "A bad faith claim arises upon a 'frivolous or unfounded refusal to pay proceeds of [a] policy.'" *Id*. at 225.  In *Adamski v. Allstate Insurance Co.*, 738 A.2d 1033 (Pa. Super. Ct. 1999), the Pennsylvania Superior Court held that a claim for bad faith under § 8371 accrued when the insurer first provided definite notice of a refusal to indemnify or defend. *Adamski*, 738 A.2d at 1040.  Specifically, the court stated: "[f]or purposes of applying Section 8371, one must look to the date on which the defendant insurance company first denied the insured's claim in bad faith." *Id*.

In *Adamski*, the Pennsylvania Superior Court reasoned that the statute of limitations begins to run as soon as the right to institute suit arises and that this is true regardless of whether the full extent of harm is known when the action arises. *Id*. at 1042.  The plaintiff in *Adamski* contended that the insurer committed numerous

separate and distinct acts of bad faith: refusal to defend or indemnify, denial of liability protection without first seeking declaratory judgment, failure to settle, lack of an adequate basis of denying protection, and failure to conduct a diligent investigation.  *Id.* at 1038.  The Superior Court held that each of these alleged acts was related to the initial denial of coverage and that each act does not constitute a separate act of bad faith.  *Id.* at 1039.  The court stated that plaintiffs "may not separate initial and continuing refusals to provide coverage into distinct acts of bad faith."  *Id.* at 1042.  The Court of Appeals of the Third Circuit specifically adopted and applied the "*Adamski* rule" in barring a bad faith claim under § 8371 filed more than two-years after the insurer first denied coverage.  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d at 225.

   Dr. Cooper's attempt to distinguish *Adamski* in this instance is misplaced.  Similar arguments have been rejected in *Sikirca and Simon Wrecking Co. v. AIU Ins. Co.*, 350 F. Supp. 2d 624 (E.D. Pa. 2004).  Any alleged refusal to pay proceeds of the Policies occurred on July 31, 2009, when MassMutual terminated benefits.  Compl. ¶ 14.  This occurred more than two years before  Dr. Cooper filed his Complaint on October 6, 2011. DE 1.  Dr. Cooper's right to institute and maintain suit based upon MassMutual's alleged bad faith in refusing to pay benefits under the Policies accrued on July 31, 2009.  Accordingly, Dr. Cooper's bad faith claim is barred by the two-year statute of limitations and is dismissed with prejudice.  Because this claim is barred by the statute of limitations, it is unnecessary to address Defendant's alternative

argument that the Complaint fails to plead facts supporting the elements of bad faith.  Since this bad faith claim is barred by the statute of limitations, any amendment to reassert this count is futile.  *See Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001).  Therefore, in accordance with the findings and conclusions reached herein, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Counts III and IV of the Complaint With Prejudice **[DE 10] is GRANTED.  Counts III and IV are dismissed with prejudice.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 15th day of June, 2012.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE