IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 11-62162-CIV-MARRA/JOHNSON

HARRY COOPER,
an individual,

        Plaintiff,

v.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,
a foreign corporation,

        Defendant.
_____/

## DEFENDANT MASSMUTUAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY ("MassMutual"), hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim and states as follows:

### PARTIES AND JURISDICTION

1. MassMutual admits that Plaintiff currently is a resident of Broward County and is *sui juris*, but is without knowledge as to the truthfulness of the remaining allegations contained within Paragraph 1 of the Complaint and therefore denies same.

2. Denied. MassMutual is a Massachusetts mutual life insurance company that is authorized to do business in the State of Florida. MassMutual admits that its principal place of business is in the Commonwealth of Massachusetts and admits the remaining allegations in Paragraph 2 of the Complaint.

3. Admitted for jurisdiction purposes only.

4.     Admitted that venue in this district is proper.

## FACTUAL ALLEGATIONS

5.     Admitted that MassMutual issued two long term disability income insurance policies to the Plaintiff.  MassMutual denies that it breached said policies.

6.     MassMutual admits that on September 13, 1984, it issued Disability Income Policy No. 9219372 to the Plaintiff which provides benefits in the event of "Disability" as defined by that policy and subject to all the other terms, conditions, and exclusions of said policy.  MassMutual is without knowledge as to the remainder of the allegations in this paragraph and thus, denies same.

7.     MassMutual admits that on September 13, 1989, it issued Disability Income Policy No. 9366017 to the Plaintiff which provides benefits in the event of "Disability" as defined by that policy and subject to all the other terms, conditions, and exclusions of said policy.  MassMutual is without knowledge as to the remainder of the allegations in this paragraph and thus, denies same.

8.     Admitted.

9.     Denied that Plaintiff's 1984 Policy includes a Regular Occupation Rider.

10.    Denied that Plaintiff's 1989 Policy includes a Regular Occupation Rider.

11.    Denied.

12.    Denied.

13.    Admitted that MassMutual initially approved and paid disability benefits to the Plaintiff.  However, as of approximately 2007, disability benefits were no longer warranted and certainly not in the amount previously paid.

14. Admitted that MassMutual terminated Plaintiff's long term disability benefits on or about July 31, 2009, claiming that he was overpaid. It is denied that MassMutual's position was wrongful.

15. Denied.

16. Denied.

17. Denied.

18. MassMutual is without knowledge of the truth of Plaintiff's allegations. Therefore it is denied.

19. Denied.

20. MassMutual is without knowledge of the truth of Plaintiff's allegations. Therefore it is denied.

## **COUNT I – BREACH OF CONTRACT UNDER POLICY 9219372**

21. Defendant MassMutual repeats and realleges its responses to paragraphs 1 through 20, as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Denied.

## **COUNT II – BREACH OF CONTRACT UNDER POLICY 9366017**

27. Defendant MassMutual repeats and realleges its responses to paragraphs 1 through 20, as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Admitted.

32. Denied.

33. All allegations not specifically admitted are hereby denied. Further, Defendant is not required to respond to Counts III and IV of the Complaint because they have been dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff is manipulating and mischaracterizing the income received from his S corporation, his disability payments should be barred or reduced accordingly.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming that the distributions he receives from his S corporation are not Earned Income because he treated such distributions as Earned Income when he applied for disability coverage.

### THIRD AFFIRMATIVE DEENSE

Defendant is entitled to a set-off for all amounts it has overpaid Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's incapacity related to his neck began prior to the inception date of his 1984 Policy (i.e. September 13, 1984) then coverage under that Policy is barred.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is still able to work as an orthopedist, he is not entitled to coverage under either of his disability policies with the Defendant.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, sues the Plaintiff/Counter-Defendant, HARRY COOPER and alleges as follows:

## PARTIES AND JURISDICTION

1. Defendant/Counter-Plaintiff, MassMutual is a Massachusetts corporation with its principal place of business in Massachusetts.

2. Plaintiff/Counter-Defendant, HARRY COOPER, is a citizen of Florida and a resident of Broward County, Florida.

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) and § 28 U.S.C. § 1367 because Cooper and the MassMutual are citizens of different states and MassMutual's claim for unjust enrichment exceeds $75,000, excluding interest and costs. Alternatively, this Court has supplemental jurisdiction over MassMutual's counterclaim.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a) because MassMutual's overpayment to Cooper was made in this judicial district.

## FACTUAL ALLEGATIONS

5. This is an action by MassMutual against Cooper for unjust enrichment arising out of MassMutual's overpayment of disability benefits to Cooper.

6. On September 13, 1984, MassMutual issued Disability Income Policy No. 9219372 to Cooper. On September 13, 1989, MassMutual issued Disability Income Policy No. 93660017 to Cooper. At the time of the issuance of these policies, Cooper lived in Pennsylvania.

7. Since about 1989, MassMutual had paid the maximum amount of benefits to Cooper.

8. On or about 2008, MassMutual learned that Cooper owned a business called Hallandale Beach Orthopedic, Inc. ("HBOI") in Hallandale, Florida. HBOI is an S-Corporation and Cooper is its President, owner, and sole shareholder. In that capacity, Cooper receives all the distributions from the company after expenses have been paid. He also decides how much the employees, including himself, receive as salary, and how much he will receive in distributions.

9. While Cooper pays himself a minimal salary, he receives significantly more compensation in distributions from HBOI.

10. Cooper also decides how much his wife, Joy Cooper, receives as salary. Mrs. Cooper, who had not worked at all for most of the couple's marriage, now is paid nearly twice as much in salary as Cooper pays himself.

11. When MassMutual learned of the amount that Cooper has received as distributions from HBOI and added that amount to the salary he was reporting, it determined that his "Loss of Earned Income" under the Policies was significantly less than the 100% it had been paying him.

12. Cooper has claimed that the distributions from HBOI should not be considered "Earned Income" because it is passive income.

13. However, when Cooper first applied for the subject disability policies in 1984 and 1989, respectively, he included all income that he showed on his individual tax return, including distributions from S corporations, as Earned Income. At that time, it was in his interest to treat such distributions as Earned Income because he wanted to show a higher income to MassMutual so he would qualify for higher disability benefits.

- 7 -

14. Cooper is estopped from now claiming that the distributions from HBOI are not "Earned Income" when he characterized similar distributions as "Earned Income" when applying for the subject disability policies.

15. Cooper has been manipulating and mischaracterizing the income he receives from HBOI to suit his interests.

16. According to MassMutual's calculations thus far, for the period of 2007 and 2008, to the extent that Cooper was entitled to disability benefits at all, he was overpaid in an amount exceeding $54,000 plus interest. MassMutual has not yet calculated how much Cooper was overpaid in the first half of 2009 when it terminated his benefits.

## COUNT I – UNJUST ENRICHMENT

17. Defendant/Counter-Plaintiff MassMutual repeats and realleges paragraph 1 through 16 as if fully set forth herein.

18. This is an action by MassMutual against Cooper to recover excess disability benefits that have been paid to him.

19. By virtue of mistake on the part of MassMutual or misrepresentation on the part of Cooper, MassMutual has conferred a benefit upon Cooper in the form of excess disability payments to which he was not entitled. Cooper was aware of and had knowledge of the overpayment.

20. Cooper voluntarily accepted and retained the benefit of the excess disability payments.

21. It would be inequitable for Cooper to retain the benefit of the excess disability payments without paying them back to MassMutual.

- 8 -

WHEREFORE, Defendant/Counter-Plaintiff MassMutual demands judgment for unjust enrichment against Plaintiff/Counter-Defendant Harry Cooper plus interest and costs.

        Respectfully submitted,

        **SHUTTS & BOWEN LLP**
        201 South Biscayne Boulevard
        1500 Miami Center
        Miami, Florida  33131
        Tel:  (305) 358-6300
        Fax:  (305) 381-9982
        *Attorneys for MassMutual*

By: *s/ John E. Meagher*
     John E. Meagher
     Florida Bar No. 511099
     *jmeagher@shutts.com*
     Ellen Novoseletsky
     Florida Bar No. 0147613
     *enovoseletsky@shutts.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Cesar Gavidia, Esq.
Attorneys Dell and Schaefer Chartered
2404 Hollywood Boulevard
Hollywood, FL 33020
Tel: 954-620-8300
Fax: 954-922-6864
*Attorneys for Plaintiff*
*Email: cesar@diattorney.com*


Gregory Dell, Esq.
Attorneys Dell and Schaefer Chartered
2404 Hollywood Boulevard
Hollywood, FL 33020
Tel: 954-620-8300
Fax: 954-922-6864
*Attorneys for Plaintiff*
*Email: gdell@diattorney.com*

                                                **SHUTTS & BOWEN LLP**

                                                *s/ John E. Meagher*
                                                John E. Meagher

6511826 3